IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV204-1-MU

ASTRIANE NEVAL HORTON,          )
                                )
            Plaintiff,          )
                                )
      v.                        )           **O R D E R**
                                )
D. SAMPSON,                     )
                                )
            Defendant.          )
_____)

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed April 29, 2010.

In his Complaint, Plaintiff alleges that on or about March 14, 2010, Defendant Sampson, a correctional officer at the Mecklenburg County Jail, "placed his hands around plaintiff neck in [sic] began to choke plaintiff." Plaintiff states that as a result he was physically injured. Plaintiff seeks nine hundred thousand dollars in compensatory damages and six-hundred thousand, four hundred and thirty dollars in punitive damages. After a careful review of the record, the Court finds that Defendant Sampson should file an answer detailing Plaintiff's excessive force allegations against him and respond to each.

The Court notes that Plaintiff concludes the text of his Complaint with a conclusory assertion that numerous state laws have been violated as well. As the Fourth Circuit recently held, "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009); see Ashcroft v. Iqbal, ---U.S. ----, 129 S. Ct. 1937, 1953 (2009)

(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions" and stating that a plaintiff in a civil action must do more than make mere conclusory statements to state a claim). A recitation of various state causes of action without any analysis is wholly insufficient to state pendant state law claims and they are dismissed.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's pendant state law claims are **DISMISSED** for failing to state a claim; and

2. The Clerk shall issue summons and deliver it forthwith to the U. S. Marshal who will make service of process without additional cost.

Signed: June 8, 2010

Graham C. Mullen
United States District Judge