UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-204-RJC

| ASTRIANE NEVAL HORTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| D. SAMPSON, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on a motion for summary judgment by Defendant David Sampson ("Defendant"). (Doc. No. 11).

## I. BACKGROUND

This an action brought by pro se Plaintiff Astriane Horton ("Plaintiff"). On April 29, 2010, Plaintiff filed this action alleging several state law claims as well as a federal constitutional excessive force claim under 42 U.S.C. § 1983 against Defendant. Plaintiff's claims arise from an incident that occurred at the Mecklenburg County Jail on March 13, 2010. On June 8, 2010, after an initial review of Plaintiff's Complaint, this Court dismissed all claims except for the excessive force claim and ordered service on Defendant. Defendant filed an Answer on July 16, 2010. On July 20, 2010, the Court ordered the parties to file any dispositive motions within 60 days. On September 2, 2010, Defendant filed a motion for summary judgment. On September 10, 2010, the Court sent Plaintiff a notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising him of the heavy burden that he carries in responding to Defendant's Motion for Summary Judgment. On December 13, 2010, Plaintiff filed a response

to the motion for summary judgment.[1]

## II.     FACTS

On March 13, 2010, Plaintiff was in a holding cell in the Mecklenburg County jail, waiting to be called to change into a jail uniform. On that day, Defendant was a deputy sheriff with Mecklenburg County. Donald Pillow and Christopher Horn, who are not named as defendants, were also working as Mecklenburg County deputy sheriffs. According to Defendant's evidence on summary judgment, Plaintiff refused to comply with Defendant's commands to go into his cell, saying, "I ain't going no fucking where." (Doc. No. 11-2 at ¶ 5). Defendant grabbed Plaintiff's left arm, while Pillow and Horn grabbed Plaintiff's right arm. (Doc. Nos. 11-3 at ¶ 7; 11-4 at ¶ 4). Defendant lost control of Plaintiff's left arm, and Plaintiff punched Defendant in the face, and then in the body. (Doc. No. 11-2 at ¶¶ 8-9).

Defendant eventually got up and attempted to get control of Plaintiff's left side, and the four men "wound up against a jail cell door." (Id. at ¶ 10). Defendant, Pillow and Horn continued to advise Plaintiff to stop resisting, but Plaintiff refused to comply. (Id.). Mecklenburg County Sheriff's Deputy Roger Davis, Jr., was working the magistrate's holding area and observed the deputies' struggle with Plaintiff. (Doc. No. 11-5 at ¶ 2). Davis approached and warned Plaintiff to comply with the commands to go back to his cell. (Id. at ¶ 3). Plaintiff refused, and Davis tased him on the leg. (Id. at ¶ 4). Plaintiff refused to comply with the commands to roll over and be handcuffed, so Davis tased him again. (Id. at ¶ 5). After Plaintiff eventually complied, Defendant handcuffed him and placed him in a holding cell.

---

[1] Plaintiff did not file any affidavits in response to the summary judgment motion. Plaintiff's response to the motion consists solely of a signed document by Plaintiff which is in the form of a complaint.

(Doc. No. 11-2 at ¶ 13).

Jail nurse Terry Wellman subsequently assessed Plaintiff to determine if he needed medical assistance and whether he was cleared for single-cell confinement. (Doc. No. 11-6 at ¶¶ 2-3). Wellman assessed Plaintiff, found no injuries, and cleared him for single-cell confinement. (Id. at ¶ 4).

Plaintiff filed a jail grievance over this incident. (Doc. No. 1 at 3). Defendant went to a Mecklenburg County Magistrate, who issued an arrest warrant for Plaintiff. (Doc. No. 11-2 at ¶ 14). The warrant alleges that Plaintiff:

> did unlawfully, and willfully assault Deputy Sampson, a government employee of Mecklenburg County Sheriff's office, by punching said victim about his face once then one more time about the body. At the time of the offense the employee was discharging the following duty of the person's office; attempting to dress defendant into a jail uniform.

(Doc. No. 11-8).

On July 20, 2010, Plaintiff was convicted in Mecklenburg County District Court of assaulting Defendant Sampson. (Doc. No. 11-9). Plaintiff appealed his conviction to Mecklenburg County Superior Court the same day. (Id.). Plaintiff has not presented any evidence, nor is there any evidence in the record, showing that his conviction was overturned or otherwise invalidated.

In his Complaint, and in his response to Defendant's summary judgment motion, Plaintiff disputes Defendant's version of the events leading to Plaintiff's assault conviction. Plaintiff alleges that he "was unlawfully seized and assaulted by Defendant who placed his hands around plaintiff['s] neck [and] began to choke plaintiff. Plaintiff began to scream for help when he was tazed by corresponding staff. I [] was later treated for cuts, scrapes, and Tazer wounds by facility nurse." (Doc. No. 1 at 3).

## III. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S.Ct. 2658,

2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

IV.  DISCUSSION

Here, in support of his motion for summary judgment, Defendant contends that Plaintiff's claim is barred by the principles announced in Heck v. Humphrey, 512 U.S. 477, 487 (1994).  The Court agrees.  A Section 1983 plaintiff who seeks to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful, must prove that the conviction or sentence has been reversed, expunged, or declared invalid.  See Heck, 512 U.S. at 487; Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003).  The warrant for Plaintiff's arrest alleges that Plaintiff assaulted Defendant "by punching [him] about his face once then one more time about [the] body [while] . . . attempting to dress defendant into a jail uniform."  (Doc. No. 11-8).  Here, a judgment in Plaintiff's favor on the excessive force claim would necessarily imply the invalidity of his assault conviction because the excessive force claim arises out of the same conduct that led to Plaintiff's conviction for assaulting Defendant.  Thus, his claims are barred under Heck.  See Cummings v. City of Akron, 418 F.3d 676, 682-83 (6th Cir. 2005) (holding that Heck barred the plaintiff's excessive force claim where the struggle between the plaintiff and the defendant officers gave rise to the plaintiff's assault conviction, and the excessive force claim and the assault conviction were "inextricably intertwined").  Therefore, for

5

this reason alone, Defendant is entitled to summary judgment.[2]

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's motion for summary judgment, (Doc. No. 11), is **GRANTED**, and Plaintiff's action is dismissed without prejudice pursuant to Heck v. Humphrey.

Signed: February 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] Defendant also contends that he is entitled to summary judgment on the merits of Plaintiff's excessive force claim. Because Plaintiff's claim is barred under Heck, the Court does not address Defendant's contention that he is entitled to summary judgment on the merits.